**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREAT OLD BROADS FOR WILDERNESS and CENTER FOR BIOLOGICAL DIVERSITY, )<br><br>Plaintiffs, )<br><br>v. )<br><br>GALE NORTON, in her official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; and BUREAU OF LAND MANAGEMENT )<br><br>Defendants. ) | Case No. 1:05cv01433 (ESH) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants answer the allegations contained in the Plaintiffs' Complaint as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations of paragraph 1 constitute Plaintiffs' characterization of their claims to which no response is required. Insofar as a response is deemed required, the Federal Defendants allege that the enabling legislation, 16 U.S.C. § 460dd *et. seq.*, the legislative history for the establishment of the Glen Canyon National Recreation Area (NRA), House Rep. No. 92-1446, 92d Cong., 2nd Sess. 1972, *reprinted in* 1972 U.S.C.C.A.N. 4915, and the 1979 General Management Plan (GMP) for the Glen Canyon NRA accurately describe the purpose for establishing the Glen Canyon NRA and its characteristics, speak

for themselves, and deny every allegation of paragraph 1 not consistent with them.

2.      Defendants deny the allegations of paragraph 2.

3.      The allegations of the first clause of the first sentence of paragraph 3 constitute Plaintiffs' characterization of the Glen Canyon NRA 1999 Grazing Management Plan (Grazing Plan), which speaks for itself and is the best evidence of its contents. Defendants deny the allegation contained in the second clause of the first sentence of paragraph 3. Defendants deny the allegations of the second sentence of paragraph 3. The allegations of the first clause of the third sentence of paragraph 3 constitute Plaintiffs' characterization of the 1999 Grazing Plan which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations of the second clause of the third sentence of paragraph 3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of paragraph 3.

4-6.    The allegations of paragraphs 4 through 6 constitute legal conclusions to which no response is required.

7-9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7 through 9.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 10.  Defendants admit the allegations set forth in the second sentence only to the extent that Great Old Broads has participated in certain public processes involving livestock grazing in Glen Canyon.  The remainder of the allegations in paragraph 10 characterize documents that

2

speak for themselves and are the best evidence of their contents.

11-12.  The allegations of paragraphs 11 and 12 constitute Plaintiffs' characterization of the nature of its case and legal conclusions to which no response is required.  Insofar as a response is deemed required, the allegations are denied.

13.     Defendants admit the first sentence of paragraph 13.  Defendants admit the allegations set forth in the second sentence of paragraph 13 only to the extent that Gale Norton is the Secretary of the Interior and that she, with other officials of the Department, manages the National Park Service and the Bureau of Land Management, including the Glen Canyon NRA.

14-15.  Defendants admit the allegations of paragraphs 14 and 15

16-18.  The allegations set forth in paragraphs 16-18 characterize federal statutes that speak for themselves and are the best evidence of their contents.

19.     The allegations of paragraphs 19 constitute legal conclusions to which no response is required.

20.     The allegations of paragraph 20 characterize documents that speak for themselves and are the best evidence of their contents.

21-22.  The allegations of paragraphs 21 and 22 constitute legal conclusions to which no response is required and characterize a document that speaks for itself and is the best evidence of its contents.

23-44.  The allegations of paragraphs 23 through 44 characterize federal statutes, documents, and regulations that speak for themselves and are the best evidence of their

contents.

45. Defendants admit the allegations of paragraph 45 only to the extent that Glen Canyon is located in northern Arizona and southern Utah and includes portions of the Colorado and San Juan rivers. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Glen Canyon is "in the heart of the Colorado Plateau's red rock country."

46. Defendants admit the allegations of paragraph 46 only to the extent that Lake Powell is part of Glen Canyon, that Lake Powell is a reservoir that formed on the Colorado river when Glen Canyon Dam was closed in 1963, and that Lake Powell is approximately 163,000 acres when the lake is at full pool, which is at elevation of 3700 feet. Defendants are without knowledge or information sufficient to form a belief as to whether Lake Powell is "the most well-known feature of Glen Canyon."

47. Defendants admit the allegations of the first sentence of paragraph 47 only to the extent that Lake Powell is thirteen percent of the area Congress included within Glen Canyon when Lake Powell is at full pool. Defendants admit the allegations of the second sentence of paragraph 47.

48. Defendants deny the allegation of the first sentence of paragraph 48. Defendants aver that the Glen Canyon NRA contains both arid and semi-arid climates. Defendants admit the remaining allegations of paragraph 48.

49. Defendants admit the allegations of paragraph 49.

50. Defendants admit the allegations of paragraph 50 only to the extent that

4

riparian areas constitute only a small amount of the surface area of Glen Canyon and are important biological resources that support complex and diverse biological communities that live in or migrate through Glen Canyon.

51-53.  Defendants admit the allegations of paragraph 51 through 53.

54.  Defendants admit the allegations of paragraph 54 only to the extent that approximately 2300 cultural-resource sites were identified in the Glen Canyon NRA prior to the filling of Lake Powell, most of which date to the prehistoric period before 1300 A.D., and that these cultural-resource sites contain prehistoric artifacts, dwellings, structures, and rock art.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 that the cultural-resource sites "have considerable spiritual importance to Native Americans … [and] allow scientists to gain important insights into the lives of early inhabitants of this area."

55-56.  Defendants admit the allegations of paragraphs 55 and 56.

57.  Defendants admit the allegations of paragraph 57 only to the extent that the Glen Canyon NRA is visited by over a million visitors per year.  Defendants are without knowledge or information sufficient to form a belief as the truth of the allegation that the unique scenic resources referred to in paragraph 56 are the reason for these visits. Defendants aver that many visitors come to Glen Canyon NRA to enjoy water recreation activities on Lake Powell.

58.  Defendants deny the allegations set forth in the first sentence of paragraph 58. Defendants aver that there are currently thirty-six livestock grazing allotments within

5

the Glen Canyon NRA covering approximately 897,678 acres.  The second sentence of paragraph 58 constitutes a characterization of plaintiffs' claims to which no response is required.  Defendants admit the allegations of the first sentence of footnote 1 only to the extent that four of the thirty-six allotments are currently unallotted and not subject to grazing (Navajo Bench, Harvey's Fear, Flint Trail, and Slickrock).  Defendants aver that Spencer Bench is a pasture of the Lake allotment and is not subject to grazing.  Defendants admit the allegations of the second sentence of footnote 1 only to the extent that the Bureau of Land Management has accepted voluntary relinquishment of the grazing permits or substantial reductions in number of livestock on the Robbers Roost allotment.  Defendants deny the remaining allegations of the second sentence of footnote 1.  The allegations of last sentence of footnote 1 constitute Plaintiffs' characterization of their claims to which no response is required.

59.     Defendants deny the allegations contained in the first sentence of paragraph 59.  Defendants aver that the Lake Powell allotment is also wholly contained in the Glen Canyon NRA.  Defendants admit the allegations of the second sentence of paragraph 59.

60-62.  Defendants admit the allegations of paragraphs 60 through 62.

63.     Defendants admit the allegations of paragraph 63.  Defendants aver that the Grant Staircase-Escalante National Monument Field Office also manages the Lake Powell grazing allotment.

64-65.  Defendants admit the allegations of paragraph 64 and 65.

66.     Defendants deny the allegations of paragraph 66.  Defendants aver that non-

use has be authorized on some of these allotments as well as on some pastures that include that portion of the allotments in the Glen Canyon NRA.

67.    The allegation of paragraph 67 constitutes a legal conclusion to which no response is required.

68-69.    The allegations of paragraphs 68 and 69 are denied.

70-71.    The allegations set forth in paragraphs 70 and 71 characterize a document that speaks for itself and is the best evidence of its contents.

72.    Defendants deny that twenty years of inaction occurred regarding development of the Grazing Plan within the Glen Canyon NRA.  Defendants admit the remaining allegations in paragraph 72.

73-85.    The allegations of paragraphs 73 through 85 characterize documents that speak for themselves and are the best evidence of their contents.

86.    Defendants deny the allegations of paragraph 86.

87-93.    The allegations of paragraphs 87 through 93 characterize documents that speak for themselves and are the best evidence of their contents.

94.    Defendants deny the allegations of paragraph 94.

95.    The allegations of the first sentence 95 characterize documents that speak for themselves and are the best evidence of their contents.  Defendants deny the allegations of the second sentence of paragraph 95.

96-99.    The allegations of paragraphs 96 through 99 characterize documents that speak for themselves and are the best evidence of their contents.

7

100.    Defendants reincorporate their answers to paragraphs 1 through 99 of Plaintiffs' Complaint.

101-104. The allegations of paragraphs 101 through 104 constitute Plaintiffs' characterization documents and federal statutes that speak for themselves and are the best evidence of their contents.

105-107. Defendants deny the allegations of paragraphs 105 through 107.

108.    Defendants reincorporate their answers to paragraphs 1 through 108 of Plaintiffs' Complaint.

109.    The allegations of paragraph 109 constitute legal conclusions to which no response is required.

110-111. Defendants deny the allegations of paragraphs 110 and 111.

112.    Defendants reincorporate their answers to paragraphs 1 through 112 of Plaintiffs' Complaint.

113-116.  The allegations of paragraphs 113 through 116 constitute legal conclusions to which no response is required and characterize federal statutes that speak for themselves and are the best evidence of their contents.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants reincorporate their answers to paragraphs 1 through 118 of Plaintiffs' Complaint.

119. The allegations of paragraph 119 constitute legal conclusions to which no response is required and characterize federal statutes that speak for themselves and are the

best evidence of their contents.

120-121.  Defendants deny the allegations of paragraph 120 and 121.

The allegations set forth in paragraphs A - G under the heading "Prayer for Relief" constitute Plaintiffs' characterization of their request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.  In further response to Plaintiffs' Complaint, Defendants allege, state, and aver the following affirmative defenses, which may be expanded as the case proceeds:

(1)     Plaintiffs lack standing;

(2)     Plaintiffs have failed to state a claim upon which relief can be granted;

(3)     Plaintiffs' claims are moot in whole or in part,

(4)     Plaintiffs' claims are barred by the applicable statute of limitations; and

(5)     The Court lacks subject-matter jurisdiction over Plaintiffs' Complaint and the causes of action that they assert.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all

relief requested, dismiss the Complaint with prejudice, award Defendants the costs of this

action, and grant Defendants such other relief as the Court deems appropriate.

November 1, 2005                    Respectfully submitted,

                                     KELLY JOHNSON
                                     Acting Assistant Attorney General
                                     Environment and Natural Resources Division


                                     s/ Gregory C. Blackwell
Of Counsel:                          ANN D. NAVARO
G. Kevin Jones                       Senior Attorney
Attorney-Advisor                     GREGORY C. BLACKWELL
Office of the Solicitor              Trial Attorney
U.S. Department of                   Natural Resources Section
   the Interior                      United States Department of Justice
                                     Environment and Natural Resources Division
                                     P.O. Box 663
                                     Washington, D.C. 20044-0663
                                     (202) 305-0474 / (202) 305-0462
                                     (202) 305-0267 (fax)