# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT OLD BROADS FOR WILDERNESS<br>and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>P. LYNN SCARLETT, in her official capacity as<br>Secretary of the Interior; NATIONAL PARK<br>SERVICE; and BUREAU OF LAND<br>MANAGEMENT<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:05cv01433 (ESH) |

## FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

The parties in this case are currently briefing cross-motions for summary judgment under

Federal Rule of Civil Procedure 56. Local Rules 7(h) and 56.1 require the submission of a statement

of material facts as to which the moving party contends that there is no genuine issue. For the

reasons explained below, however, such a Statement is unnecessary in this case.

It is well established that, in cases such as this one – where Plaintiffs seek judicial review

under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 – the scope of that judicial review

is properly limited to the administrative record that was before the agencies at the time the decisions

were made. See, e.g., Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); Camp v.

Pitts, 411 U.S. 138, 142 (1973). "The task of the reviewing court is to apply the appropriate APA

standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co., 470 U.S. at 743-44.

Accordingly, judicial review of final agency action on summary judgment is different in nature from the procedures used to resolve civil actions within the original jurisdiction of the federal district courts. See Defenders of Wildlife v. Babbitt, 130 F. Supp.2d 121, 124 (D.D.C. 2001) ("Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based on the administrative record . . . , even though the Court does not employ the standard of review set forth in Rule 56, Fed.R.Civ.P.") (emphasis added). In APA cases, the district court sits as an appellate tribunal. University Medical Center of Southern Nevada v. Shalala, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999) (citing Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1225-26 (D.C.Cir.1993). Thus, judicial review is confined to the administrative record already in existence, and does not contemplate a factual record developed de novo in federal district court. Community for Creative Non-Violence v. Lujan, 908 F.2d 992,998 (D.C. Cir. 1990). "As all material facts are within the administrative record, no material facts are in dispute." LeBoeuf, Lamb, Greene & MacRae, LLP v. Abraham, 215 F.Supp 73, 84 (D.D.C. 2002); see also National Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d 1272, 1282 (D.C. Cir. 2005) (recognizing that the D.C. Circuit has repeatedly held that claims asserting "an agency's action is arbitrary and capricious or contrary to law present purely legal issues").

Because there are no material facts for the Court to resolve in the first instance here, a Statement of Material Facts as contemplated by LCvR 7(h) and 56.1 is inapposite. Nonetheless, to ensure strict compliance with the local rules, the Federal Defendants submit the following Statement of Material Facts As To Which There is No Genuine Issue in support of their Cross-Motion for

Summary Judgment.

1.      In 1972, Congress established the Glen Canyon National Recreation Area. NPS No. 21 at 168.

2.      In 1979, the National Park Service ("NPS") issued the Glen Canyon General Management Plan. NPS No. 21.

3.      In August 1999, NPS issued the grazing component to the 1979 Glen Canyon General Management Plan after preparing an environmental assessment and issuing a finding of no significant impact pursuant to the National Environmental Policy Act, 42 U.S.C. §§ 4321, et seq. That grazing component is titled the Glen Canyon NRA Grazing Management Plan. NPS No. 29.

4.      The implications of a decision issued by the Interior Board of Land Appeals in 1997 together with a spike in permit expirations occurring in 1999 and 2000, resulted in a backlog of expired grazing permits that have been renewed pursuant to Congressional direction but have yet to be fully processed. BLM No. 307 at 3549.

5.      On January 16, 2003, the Bureau of Land Management issued a policy indicating that it intends to eliminate its backlog of unprocessed grazing permits by the end of Fiscal Year 2009. BLM No. 307 at 3549.

//

//

//

//

//

//

- 3 -

6.    All material facts in this action are contained in the certified administrative

record filed in this action.


June 9, 2006                              Respectfully submitted,


                                          SUE ELLEN WOOLDRIDGE
                                          Assistant Attorney General
                                          Environment and Natural Resources Division

Of Counsel:                               /s/_____
G. Kevin Jones                            GUILLERMO A. MONTERO
Intermountain Office of the Solicitor     Trial Attorney
U.S. Department of the Interior           United States Department of Justice
                                          Environment and Natural Resources Division
                                          Natural Resources Section
                                          P.O. Box 663
                                          Washington, D.C. 20044-0663
                                          (ph)(202) 305-0443/(fax)(202) 305-0274