IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREAT OLD BROADS FOR WILDERNESS and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; and BUREAU OF LAND MANAGEMENT<br><br>Defendants. | Case No. 1:05cv01433 (ESH) |

**MOTION FOR LEAVE TO SUPPLEMENT THE
ADMINISTRATIVE RECORD**

Federal Defendants hereby move for leave to file a supplement to the administrative record in the above captioned case. Pursuant to LCvR 7(m), counsel for Federal Defendants attempted to confer with counsel for the Plaintiffs on July 21, 2006, to determine whether Plaintiffs would oppose this motion, but counsel for the Plaintiffs is currently unavailable. Accordingly, it is not possible to determine at this time whether counsel for the Plaintiffs opposes this motion.

Defendants makes this motion because additional administrative record documents are necessary to address two arguments that Plaintiffs have raised in the Opposition/Reply Brief filed on June 30, 2006 (Docket No. 30), but which were not apparent from the Complaint. The Plaintiffs' Complaint raised claims challenging final agency actions pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). Accordingly, Federal Defendants compiled an administrative record containing the documents and materials considered directly or indirectly by the Secretary of the Department of the Interior with respect to the challenged agency actions at issue in this case. See Fund for Animals v. Williams, 245 F. Supp.2d 49, 55 (D.D.C. 2003) (recognizing that the administrative record provided to the court "must include all documents and materials that the agency 'directly or indirectly considered'") (quoting Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir.1993)). Throughout the course of the briefing of the parties' cross-motions for summary judgment, however, it has become apparent that the Plaintiffs also raise claims challenging agency actions "unlawfully withheld or unreasonably delayed" pursuant to 5 U.S.C. § 706(1). A supplement to the administrative record is therefore necessary to address these new arguments.

This supplement will consist of Volumes 8, 9, and 10 of the Administrative Record for the Bureau of Land Management, and will be lodged in physical form pursuant to LCvR 5.4(e)(1)(A) because it exceeds 500 pages. This Supplement will be lodged with the Office of the Clerk on July 7, 2006, and will be served on the Plaintiffs by overnight courier for delivery on July 10, 2006. The

- 3 -

agency's certification of the supplement to the administrative record, a revised index, and caption pages for each of the three Volumes are filed herewith as exhibits 1, 2, and 3, respectively.

 For the foregoing reasons, Defendants respectfully request leave to file the supplement to the administrative record, consisting of Volumes 8, 9, and 10 of the BLM's administrative record, and which is to be lodged today with the Office of the Clerk.

July 21, 2006          Respectfully submitted,

                SUE ELLEN WOOLDRIDGE
                Assistant Attorney General
                Environment and Natural Resources Division

Of Counsel:           /s/
G. Kevin Jones         GUILLERMO A. MONTERO
Intermountain Office of the Solicitor  Trial Attorney
U.S. Department of the Interior    United States Department of Justice
                Environment and Natural Resources Division
                Natural Resources Section
                P.O. Box 663
                Washington, D.C. 20044-0663
                (ph)(202) 305-0443/(fax)(202) 305-0274