**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Great Old Broads for Wilderness, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 01:05CV01433 (ESH) |
| | ) | |
| Dirk Kempthorne, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THE ADMINSITRATIVE RECORD**

Plaintiffs Great Old Broads for Wilderness and the Center for Biological Diversity (collectively "Great Old Broads") hereby oppose Secretary of the Interior Dirk Kempthorne et al.'s (collectively "the Secretary") Motion for Leave to Supplement the Administrative Record filed July 21, 2006. Great Old Broads requests this Court deny the motion and strike all references to the supplemental materials from the Secretary's Reply/Opposition.

**Background**

Great Old Broads is challenging the Secretary's actions with respect to livestock grazing within Glen Canyon under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. The Secretary filed the administrative record on January 9, 2006 pursuant to the Court's approved scheduling order. Docket No. 15, 16. Defendants the National Park Service and the Bureau of Land Management ("BLM") each filed separate administrative records. Both Defendants supplemented their administrative records on March 28, 2006. Docket Nos. 22, 23.

Based on the administrative record the Secretary provided, the parties filed cross-motions for summary judgment. Great Old Broads filed a Motion for Summary Judgment on April 28,

2006; the Secretary filed a Cross-Motion/Opposition on June 6, 2006; and Great Old Broads filed an Opposition/Reply on June 30, 2006. Docket Nos. 25, 28-30.

On July 21, 2006, the Secretary filed a Motion for Leave to Supplement the Administrative Record ("Motion to Supplement") with 44 additional documents along with his Reply/Opposition. Docket Nos. 31, 32. Without waiting for a response from Great Old Broads or a ruling by this Court, the Secretary relied on the newly submitted documents in his Reply/Opposition, at 9, 19-20. Because the Secretary has filed this Motion to Supplement at the end of the briefing in this case, under the current scheduling order, Great Old Broads will have no opportunity to respond to the Secretary's new arguments based on these documents.

**Argument**

The Secretary's Motion to Supplement is vague. According to the Secretary, Great Old Broads' Complaint challenged final agency actions under section 706(2)(A) of the APA, and the Secretary prepared the administrative record based on this understanding of the Complaint. Motion to Supplement, at 2 (Docket No. 31). The Secretary argues Great Old Broads raised two new arguments in their Opposition/Reply challenging actions "unlawfully withheld or unreasonably delayed" pursuant to section 706(1) of the APA, and it is necessary to supplement the administrative record in order to address these claims. Id. The Motion to Supplement contains no further explanation; it does not specify the claims for which the Secretary has provided the supplemental materials.

This Court must look to the Secretary's Reply/Opposition, which prematurely relies on the documents without waiting for this Court's ruling on the Motion to Supplement, in order to identify the two "new" arguments. First, the Secretary provides additional evidence in response to Great Old Broads' argument that the Secretary has allowed grazing without preventing

impairment or adverse impact of Glen Canyon resources. Reply/Opposition, at 19-20 (Docket No. 32). The Secretary claims the new documents show he routinely takes management actions to prevent these impacts. Id. Second, the Secretary provides additional evidence in response to Great Old Broads' argument that the Secretary has unlawfully treated the grazing riders as a repeal of NEPA within Glen Canyon. Id. at 9. The Secretary provided a "representative sample" of decision documents showing the relevant BLM offices have issued NEPA documents on allotments outside of Glen Canyon that Great Old Broads has not challenged in this case. Id.

This Court should reject the Secretary's attempt to introduce this new evidence for three reasons. First, the Secretary has provided no legitimate justification for the need to supplement the record at the last minute. Second, the Secretary's request is an improper attempt to selectively introduce evidence favorable to the Secretary's legal arguments. Third, many of the documents address allotments outside of Glen Canyon that are not the subject of this lawsuit. In the alternative, if this Court allows the Secretary to supplement the administrative record, Great Old Broads requests the Court also allow Great Old Broads to conduct discovery on the contents of the administrative record and file a Surreply in order to address the new evidence.

**A. The Secretary Has Provided No Legitimate Justification to Supplement the Administrative Record.**

The Secretary's only justification for his need to supplement the administrative record at the last minute is that Great Old Broads raised two "new" arguments in their Opposition/Reply. Motion to Supplement, at 2 (Docket No. 31). This is not true. Great Old Broads' arguments have been consistent throughout the litigation. Great Old Broads articulated these "new" arguments both in the Complaint and their Motion for Summary Judgment. Moreover, the Secretary responded to each of the arguments in his Cross-Motion without raising any concerns about the administrative record. Therefore, the Secretary has no legitimate claim that he must

introduce new evidence as part of his final brief on the merits in order to address these new arguments.[1]

First, the Secretary offers additional evidence to refute Great Old Broads' claim that the Secretary has authorized grazing without preventing impairment or adverse impacts. Reply/Opposition, at 19-20 (Docket No. 32). Great Old Broads' assertion of this legal violation is explicitly stated in the Complaint and was discussed extensively in Plaintiffs' Motion for Summary Judgment. Great Old Broads' "First Claim for Relief" specifically states:

> The Secretary has recognized authorized livestock grazing within Glen Canyon is causing impairment to the purposes and values in some areas and may be causing impairment in others. Yet, the Secretary has failed to further investigate and determine where impairment is occurring or correct problems where they exist. . . . The Secretary's actions violate the Glen Canyon Enabling Act and Park Service Organic Act and are arbitrary, capricious, an abuse of discretion, and not in accordance with law under the Administrative Procedure Act ("APA"). 5 U.S.C. § 706.

Complaint, at 20 (Docket No. 1) (emphasis added). Furthermore, Great Old Broads' Motion for Summary Judgment contains an entire section titled "The Secretary is Authorizing Grazing within Glen Canyon that is Causing Adverse Impacts and Impairment of Park Resources." Motion for Summary Judgment, at 10-17 (Docket No. 25). Within this section of the Motion is a subsection titled "The Secretary has taken no action to correct the adverse effects and impairment caused by livestock grazing" where Great Old Broads argued the Secretary has continued to reissue grazing permits without taking any action to correct identified problems.

---

[1] The Secretary justifies the need to supplement the record by arguing the two new arguments are based on section 706(1) of the APA, and that the Secretary had assumed Great Old Broads was only challenging final agency actions under section 706(2)(A) of the APA. However, this distinction is irrelevant for the purposes of the Motion to Supplement. As the briefing in this case indicates, Great Old Broads and the Secretary dispute whether Great Old Broads claims are properly characterized as challenges to final agency actions or challenges to the agencies' failure to act. See, e.g., Opposition/Reply, at 10-12; Reply/Opposition, at 14-15. Regardless of how the Court characterizes the claims, however, the Secretary still has no legitimate claim that Great Old Broads raised two "new" arguments in their Opposition/Reply as discussed below.

Id. at 17-19. Therefore, there is no question that the Secretary was aware of Great Old Broads' argument prior to the Opposition/Reply.

Indeed, the Secretary specifically responded to this argument in his Cross-Motion stating the Park Service "retains the discretion to achieve the Organic Act's conservation objectives however it sees fit, and the agencies have done so in this case by taking management actions to avoid adverse impacts and potential impairment." Cross-Motion, at 28 (Docket No. 28) (citing numerous administrative record documents). Therefore, at the time he filed the Cross-Motion, the Secretary had no problem with the extent of the administrative record, and even responded to Great Old Broads' arguments by relying on the record. Accordingly, even if the Secretary had been confused by Great Old Broads' Complaint, the natural point for correcting this confusion would have been prior to filing the Cross-Motion. The Secretary took no such action. Therefore, the Secretary has no legitimate claim that there is now a need to supplement the administrative record because Great Old Broads made a "new" argument in their Opposition/Reply.

Second, the Secretary provided supplemental evidence in response to Great Old Broads' claim that the Secretary has treated the grazing riders as a repeal of NEPA within Glen Canyon. Reply/Opposition, at 9 (Docket No. 32). Although the Complaint does not mention the grazing riders because they were asserted as an affirmative defense by the Secretary, Great Old Broads' Motion for Summary Judgment makes the exact argument the Secretary claims is "new" in Great Old Broads' Opposition/Reply. Anticipating the rider defense, Great Old Broads argued:

> Absent a clear expression of Congressional intent, this Court should not read the riders to suspend NEPA within Glen Canyon. It is a "cardinal rule" that repeal by implication is disfavored. . . . .
>
> . . . .

> The applicable riders in this case are no different; they contain no language to suggest Congress intended to suspend NEPA within Glen Canyon. In fact, the opposite is true; each rider explicitly states BLM must still comply with NEPA. Therefore, BLM must complete site-specific NEPA for each of the 24 Glen Canyon allotments.

Motion for Summary Judgment, at 26-27 (Docket No. 25). Indeed, the Secretary specifically responded to this argument in his Cross-Motion/Opposition. Docket 28, at 25 ("The administrative record, therefore, does not support Plaintiffs' assertion that BLM has unreasonably delayed in its efforts to fully process grazing permits issued under the appropriations riders, and it certainly does not support Plaintiffs' assertions that 'BLM has interpreted the riders as a repeal of NEPA within Glen Canyon.'"). Thus, at the time he filed the Cross-Motion/Opposition, the Secretary felt the administrative record was sufficient to refute Plaintiffs' claims and relied on it to do so. Accordingly, the Secretary cannot now claim he must supplement the administrative record in order to address this "new" argument.

The Secretary's only justification for the need to supplement the record is the need to address Great Old Broads' new arguments. Because there are no "new" arguments to address, this Court should reject the Secretary's last minute attempt to supplement the record.

**B. The Secretary Cannot Selectively Introduce Evidence After-the-Fact in order to Support His Actions.**

The Secretary's failure to raise any perceived issues with the record earlier in the litigation as well as the lack of support for the Secretary's argument that Great Old Broads presented "new" information suggest the Secretary has other motives for introducing the supplemental materials. Indeed, the documents provided show the Secretary is attempting to selectively introduce evidence favorable to his legal position. There are two problems with this approach. First, the fact the Secretary waited until the last minute shows these documents were not those considered by the agency when it made its decision and instead are offered to support

post-hoc rationalizations. Second, even assuming this evidence was considered by the agency, the Secretary cannot cherry-pick documents that support its legal position.

In the D.C. Circuit, "[i]t is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made." Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) (emphasis added). As the Secretary recognizes, the administrative record is legally defined as all "documents and materials that the agency 'directly or indirectly considered'" in making a decision. Fund for Animals v. Williams, 245 F. Supp.2d 49, 55 (D.D.C. 2003); Motion to Supplement, at 2 (Docket No. 32). It should not include "some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). Therefore, the administrative record is defined at the time the agency makes the challenged decision—in this case the decision to issue 24 grazing permits within Glen Canyon. Accordingly, the Secretary cannot determine what constitutes the administrative record after-the-fact. The Secretary's attempt to do so in the last stage of the litigation shows that these documents were not those considered by the Secretary at the time he made the challenged decisions, and instead the Secretary is using them to support post-hoc legal theories. Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984) ("[T]o review more than the information before the [agency] at the time [of its] decision risks . . . allowing [agencies] to take advantage of post hoc rationalizations.").[2]

Furthermore, the agency "may not skew the record in its favor by excluding pertinent but unfavorable information." Fund for Animals, 245 F. Supp. at 55; see also Walter O. Boswell,

---

[2] Although the D.C. Circuit does allow supplementation of the record beyond those materials directly or indirectly considered by the agency at the time it made the challenged decision under some limited circumstances, see, e.g., James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996), the Secretary has not argued that any of those conditions are present in this case. Therefore, Great Old Broads will not address that issue.

749 F.2d at 792 ("[T]o review less than the full administrative record might allow a party to withhold evidence unfavorable to its case."). Yet, that is exactly what the Secretary has done in this case. According to the Secretary, he has provided only a "representative sample" of documents showing actions taken "in furtherance of [BLM's] duties under the Park Service Organic Act, National Historic Preservation Act, and National Environmental Policy Act." Motion to Supplement, Exhibit 1, at 2 (Declaration of Sandra Dowdy) (Docket No. 31). Thus, according to the Secretary's own characterization of the proposed supplementation, he has selectively chosen those records he believes vindicate his actions.

For example, the Secretary seeks to introduce evidence that BLM offices that manage grazing allotments within Glen Canyon have processed grazing permits outside of Glen Canyon under NEPA by providing a representative sample of the processed permits. Reply/Opposition, at 9 (Docket No. 32). However, this leaves open the question of how many additional permits these offices have failed to process outside of Glen Canyon. In other words, the Secretary selectively provided evidence to support his claims while excluding evidence that might detract from his arguments. This one-sided presentation of the administrative record is not allowed.

Accordingly, this Court should reject the Secretary's attempt to supplement the administrative record and strike all references to these documents from the Secretary's Reply/Opposition. In the alternative, this Court should allow Great Old Broads to conduct discovery on the contents of the administrative record in order to determine whether the "representative sample" the Secretary provided is truly representative. Only in this way can the Court be assured that it is looking at the full administrative record and not only those documents that support the Secretary's position.

**C. Evidence Regarding Grazing Allotments Outside of Glen Canyon is Beyond the Scope of this Lawsuit.**

The majority of the documents the Secretary seeks to introduce involve actions taken on grazing allotments outside of Glen Canyon. Documents 342-367 do not pertain to Glen Canyon allotments. Furthermore, documents 353 to 367 do not even involve BLM offices that manage livestock grazing within Glen Canyon. Therefore, this evidence is beyond the scope of this lawsuit. Great Old Broads is challenging the Secretary's management of livestock grazing within Glen Canyon on 24 specific allotments. Complaint, at 13 (Docket No. 1). The Secretary's management of grazing on other allotments outside of Glen Canyon is irrelevant.

The Secretary seeks to introduce these documents to address Great Old Broads claim that the Secretary has interpreted the grazing riders as a repeal of NEPA, NHPA, and the Organic Act within Glen Canyon. Reply/Opposition, at 8-9 (Docket No. 32). However, it is unclear how the Secretary's actions outside of Glen Canyon in any way negate the fact that the Secretary cannot point to a single final NEPA document or analysis under the NHPA or Organic Act for any of the allotments challenged in this case. It is the Secretary's complete abdication of his legal obligations within Glen Canyon that is the basis for Great Old Broads contention that the Secretary has interpreted the riders as a repeal of these statutes within Glen Canyon. See, e.g., Motion for Summary Judgment, at 29 ("In effect BLM has interpreted the riders as a repeal of NEPA within Glen Canyon.") (Docket No. 25); Opposition/Reply, at 15-17 ("The Secretary is treating the riders as a repeal of the Organic Act, NHPA, and NEPA within Glen Canyon") (Docket No. 30). Therefore, the Secretary's actions with respect to other allotments are irrelevant and should not be considered by this Court.

Even if the Court determines this evidence is relevant, it is again incomplete and selectively favors the Secretary. The Secretary argues he has prioritized permits outside of Glen

Canyon within high priority watersheds and high priority allotments. Reply/Opposition, at 9 (Docket No. 32). Yet, the supplemental record is void of any explanation for how the Secretary determined these priorities. The fact the Secretary is prioritizing lands without heightened federal protection over those within a national park system unit is suspect. Moreover, without any explanation of how the Secretary determined these priorities, Great Old Broads is at a disadvantage in responding to the Secretary's arguments. Therefore, if this Court allows supplementation of the record, it should also allow Great Old Broads to conduct discovery on the administrative record to determine how BLM has determined priorities for environmental analysis within the states of Utah and Arizona or, at a minimum, require the Secretary to include all documents relevant to this inquiry in the supplemental administrative record.

**D. If this Court Allows the Secretary to Supplement the Record, Great Old Broads Requests a Surreply to Respond to the Secretary's Arguments Based on the New Evidence.**

Under the scheduling order, briefing is now complete. As a result, Great Old Broads will have no opportunity to respond to the Secretary's arguments based on the supplemental evidence. This is an untenable result and would reward the Secretary for his failure to include these documents in the record in a timely fashion. Therefore, should this Court allow the Secretary to supplement the record, Great Old Broads requests the opportunity to review the documents and submit a Surreply.

**CONCLUSION**

For the reasons above, Great Old Broads respectfully requests this Court deny the Secretary's motion to supplement the record. In the alternative, if the Secretary is allowed to supplement the record, Great Old Broads asks this Court to: (1) allow Great Old Broads to conduct discovery on the contents of the administrative record in order to determine whether all

relevant documents are included; and (2) allow Great Old Boards to file a Surreply to address the Secretary's arguments based on the supplemental documents.

Dated: Aug. 1, 2006

Respectfully Submitted,

/s/ Robin Cooley
Robin Cooley (CO0040)
Environmental Law Clinical Partnership
2255 E. Evans Avenue, Room 365G
Denver, CO 80208
Phone: 303-871-6039
Fax: 303-871-6991

Joro Walker
Western Resource Advocates
1473 South 1100 East, Suite F
Salt Lake City, UT 84109
Telephone: 801-487-9911
Fax: 801-486-4233