UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREAT OLD BROADS FOR WILDERNESS, et al., </br></br>    Plaintiffs, </br></br>    v. </br></br> DIRK KEMPTHORNE, Secretary of the Interior, et al., </br></br>    Defendants. | No. 01:05CV01433 (ESH) |

**MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiffs Great Old Broads for Wilderness and the Center for Biological Diversity (collectively "Great Old Broads") respectfully request this Court amend its September 20, 2006 Memorandum Opinion and accompanying Order to set a one year deadline for Federal Defendants to complete the required analysis under the National Environmental Policy Act ("NEPA") and the National Historic Preservation Act ("NHPA"). Under Rule 59(e), this Court has discretion to amend the judgment in order to "correct a clear error or prevent manifest injustice." Ciralsky v. C.I.A., 355 F.3d 661, 671 (D.C. Cir. 2004).

Although the Court remanded the National Park Service's Grazing Plan Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") for Glen Canyon National Recreation Area for consideration of cumulative impacts under NEPA and further explanation of how the agency applied the NHPA, it did not set a deadline. While in a typical case under the NEPA or the NHPA such a deadline may be unnecessary because the agency cannot proceed with the proposed project until it completes the required analysis, this case is different because grazing is on-going. Under the Court's decision, grazing will continue at present levels within

1

Glen Canyon regardless of whether the Park Service modifies the Grazing Plan in accordance with the Court's Order.  Accordingly, the Park Service has no incentive to reconsider the Grazing Plan in a timely manner.  Moreover, the Park Service has a history of delay with respect to the Grazing Plan—it took the Park Service 20-years to produce the Grazing Plan after the agency determined the Plan was necessary and the agency has failed to implement the Plan since 1999.  Memorandum Opinion, at 2-4; Plaintiffs' Statement of Material Facts ¶¶ 27, 65, 66.

In light of these circumstances, Great Old Broads asks this Court to mandate a deadline for the NEPA and NHPA analysis.  <u>Natural Resources Defense Council ("NRDC") v. Train</u>, 510 F.2d 692, 705 (D.C. Cir. 1974) ("The authority to set enforceable deadlines both of an ultimate and an intermediate nature is an appropriate procedure for exercise of the court's equity powers to vindicate the public interest."); <u>NRDC v. Andrus</u>, 448 F. Supp. 802, 803-05 (D.D.C. 1978) (acknowledging the court set a schedule for NEPA compliance).  To provide time for public comment and a complete analysis, Great Old Broads requests a deadline of six months for a draft EA and one year for a final EA.

Dated:  Oct. 4, 2006                                          Respectfully Submitted,

<u>/s/ Robin Cooley</u>
Robin Cooley (CO0040)
Environmental Law Clinical Partnership
2255 E. Evans Avenue, Room 365G
Denver, CO 80208
Telephone: 303-871-6039
Fax: 303-871-6991

Joro Walker
Western Resource Advocates
1473 South 1100 East, Suite F
Salt Lake City, UT 84109
Telephone: 801-487-9911
Fax: 801-486-4233