**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GREAT OLD BROADS FOR WILDERNESS and CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) ) | Case No. 1:05cv01433 (ESH) |
| Plaintiffs, | ) ) | **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS'** |
| v. | ) ) | **MOTION TO ALTER OR AMEND THE JUDGMENT** |
| DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; and BUREAU OF LAND MANAGEMENT | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**INTRODUCTION**

Plaintiffs seek to amend the Court's September 20, 2006 judgment pursuant to F.R.Civ.P. 59(e), which allows district courts to reconsider their judgments based on an intervening change in law, the availability of new evidence, or to correct a clear error and prevent manifest injustice. Specifically, Plaintiffs ask that the Court impose additional injunctive relief on the National Park Service ("NPS") in the form of a deadline by which the NPS must complete its reconsideration of the environmental assessment ("EA") for the Grazing Management Plan. Because Plaintiffs have not even attempted to show that their motion is merited by a change in law, new evidence, a need to correct a clear error or to prevent manifest injustice, Plaintiffs' motion to amend the Court's judgment must be denied.

## BACKGROUND

On July 20, 2005, Plaintiffs filed a complaint in this Court challenging the Bureau of Land Management's renewal of 42 grazing permits within the Glen Canyon National Recreation Area, as well as the adequacy of an EA prepared for the NPS's Grazing Management Plan. On September 20, 2006, the Court granted Federal Defendants' cross-motion for summary judgment with respect to the permit claims, but held that the EA for the Grazing Management Plan contained an inadequate cumulative impacts analysis, and therefore could not be sustained. The Court remanded the EA to the NPS for further consideration of the potential cumulative impacts associated with the Plan, and instructed that the EA should also clarify how the NPS has complied with section 106 of the National Historic Preservation Act.

## ARGUMENT

### I.    Standard of Review

The law governing Rule 59(e) motions is well settled. The granting of such motions is discretionary with the court and the motions themselves are appropriate only in limited circumstances. "Rule 59(e) motions are not to be used to relitigate matters already argued and disposed of." Independent Petroleum Association of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998). They are instead "intended to permit the court to correct errors of fact appearing on the face of the record or errors of law." Id. Accordingly, "[a] motion under Rule 59(e) should not be granted unless the district court finds that there has been an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Marshall v. District of Columbia Water and Sewer Authority, Civil Action No. 01-

01915-HHK, 2006 WL 2711537, at *2 ( D.D.C., Sept. 21, 2006) (quoting <u>Firestone v.. Firestone</u>,

76 F.3d 1205, 1208 (D.C.Cir.1996)).

## II.     Plaintiffs are Not Entitled to Relief Under Rule 59(e)

In this instance, Plaintiffs do not even attempt to present the Court with any basis to conclude

that new facts, a clear error of law, manifest injustice, or a change in controlling law supports their

motion.  Rather, they simply urge that a time-line is necessary because the NPS will otherwise fail

to comply with the Court's Order in a timely fashion.  This argument does not meet the standard for

Rule 59(e) motions set out above.  Accordingly, Plaintiffs' motion fails as a matter of law and must

be denied.

Notwithstanding, Federal Defendants wish to clarify that Plaintiffs' argument in support of

their request for a Court-imposed time-line, i.e., that the NPS has a "history of delay" with respect

to the Grazing Plan, is misleading.  Plaintiffs argue that their requested amendment is justified

because the NPS did not issue a Grazing Management Plan until 20 years after it had proposed the

preparation of such a plan.  Plaintiffs, however, fail to recognize that NPS was under no legal

obligation to issue the Grazing Plan.  By contrast, the Court's Order clearly requires that NPS

reconsider its EA, and NPS is entitled to a presumption of regularity that it will comply with this

Order in a timely fashion.

Plaintiffs' assertion that NPS has failed to implement the Grazing Plan since its issuance in

1999 is also misleading.  The values and purposes determinations contemplated by the Grazing Plan

have not been completed <u>for the renewal of grazing permits</u> because a number of Congressional

appropriations riders directed the Secretary of the Interior to renew those permits upon expiration

regardless of whether it was first possible to comply with the NPS Organic Act and other relevant

environmental laws.  As the Grazing Plan makes clear, however, values and purposes determinations are routinely prepared for other proposed actions such as range developments, construction, and major maintenance activities.  <u>See</u> NPS AR at 283.  Plaintiffs, therefore, fail to provide any factual basis for their motion in addition to ignoring the applicable legal standard.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court deny Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment.

October 16, 2006                              Respectfully submitted,

                                             SUE ELLEN WOOLDRIDGE
                                             Assistant Attorney General
                                             Environment and Natural Resources Division

                                             _____
                                             GUILLERMO A. MONTERO
                                             Trial Attorney
                                             United States Department of Justice
                                             Environment & Natural Resources Division
                                             Natural Resources Section
                                             P.O. Box 663
                                             Washington, D.C. 20044-0663
                                             (ph)(202) 305-0443/(fax)(202) 305-0274