UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREAT OLD BROADS FOR WILDERNESS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1433 (ESH) |
| DIRK KEMPTHORNE, Secretary of the Interior, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On September 20, 2006, this Court considered plaintiffs' challenge to the management of livestock grazing within the Glen Canyon National Recreation Area by the National Park Service ("NPS") and the Bureau of Land Management ("BLM"). *See generally Great Old Broads for Wilderness v. Kempthorne*, 2006 U.S. Dist. LEXIS 67230 (D.D.C. Sept. 20, 2006). In granting plaintiffs' motion for summary judgment in part, the Court remanded NPS's environmental assessment ("EA") of the Glen Canyon Grazing Management Plan so the agency could consider the potential cumulative environmental impacts associated with the Plan, as required by the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and clarify how the NPS had complied with Section 106 of the National Historic Preservation Act ("NHPA"), 16 U.S.C. 470 *et seq. Id.* at *34-35, *39-40. On October 4, 2006, plaintiffs filed a motion to alter or amend the judgment, in which they have asked the Court to set "a deadline of six months for a draft EA and one year for a final EA." (Pls.' Mot. at 2.)

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend judgment within 10 days of the judgment, which plaintiffs did here. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations omitted). "Rule 59(e) motions may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Coleman-Adebayo v. Leavitt*, 400 F. Supp. 2d 257, 260 (D.D.C. 2005) (internal quotation and citation omitted).

The Court must reject plaintiffs' claim that the omission of a deadline for a fresh EA constitutes "clear error or manifest injustice." First, plaintiffs appear to take the position that without a court order, the defendant will fail to comply with this Court's ruling in a timely fashion. This argument falls far short of what must be shown to sustain a Rule 59(e) motion.

Second, as NPS correctly points out, NPS was under no legal obligation to produce a grazing management plan between 1979 and 1999. As the Court previously observed, the 1979 General Management Plan only "*proposed* the preparation of a supplemental 'Grazing Resources Component' . . . offering '*recommendations* for specific range improvement practices and devices, management activities, and maximum grazing intensities compatible with the purpose of the recreation area.'" *Great Old Broads*, 2006 U.S. Dist. LEXIS 67230, at *4 (quoting the Glen Canyon General Management Plan and the Grazing Management Plan) (emphasis added) .

Furthermore, the case law upon which plaintiffs rely does not support the Court's imposition of a mandatory timetable. Plaintiffs cite *Natural Resources Defense Council, Inc.*

("NRDC") v. Train, 510 F.2d 692 (D.C. Cir. 1974), for the proposition that "[t]he authority to set enforceable deadlines both of an ultimate and an intermediate nature is an appropriate procedure for exercise of the court's equity powers to vindicate the public interest." *Id.* at 705. In that case, however, the Court of Appeals was addressing an agency's failure to comply with a nondiscretionary statutory deadline. *Id.* at 704 ("In light of the failure of the agency to meet its acknowledged duty under the Act, the District Court's decision to incorporate a timetable into the order constituted a reasonable step to facilitate supervision of the decree and to assure early efforts by the delinquent defendant *toward eventual discharge of its statutory authority*." (emphasis added)). *See also NRDC v. EPA*, 705 F. Supp. 698, 702 (D.D.C. 1989) (rejecting defendant agencies' motion to amend court-ordered deadlines "to achieve finally what Congress demanded of them more than a decade ago"). In such cases, this Court has observed that a court-ordered compliance deadline is only "an appropriate remedy – not the only appropriate remedy." *Farmers Union Cent. Exch. v. FERC*, 557 F. Supp. 34, 36-37 (D.D.C. 1982) (citing *MCI Telecomm. Corp. v. FCC*, 627 F.2d 322, 345 (D.C. Cir.1980); *Nader v. FCC*, 520 F.2d 182, 207 (D.C. Cir.1975)).

In contrast to the statutes in these cases, NEPA imposes no obligation on the Secretary to produce preliminary environmental assessments at all, much less within a certain time-frame. *See* 42 U.S.C. § 4332(C). Rather, the environmental assessment policy derives from the agency's own regulations, *see* 40 C.F.R. § 1501.3, as does the agency's power to set time limits for environmental assessments. *Id.* § 1501.8. As the Court noted in *Train*, "[w]here there has been no violation of a statutory duty, we think the proper course is to confine ourselves to a declaration of the intent of Congress and to give the Administrator latitude to exercise his

discretion in shaping the implementation of the Act." 510 F.2d at 711-12.

Because there is no statutory – or even self-imposed – time limits that the agency has violated, the Court must reject plaintiffs' invitation to interfere with the Secretary's exercise of discretion. *See Sierra Club v. Thomas*, 828 F.2d 783, 790-92 (D.C. Cir. 1987) ("In this case, the Act imposes no date-certain deadline on EPA to conclude the rulemaking before us. . . . Nor can we infer such a deadline from the overall scheme of the PSD program in general. Accordingly, if EPA had any duty to avoid unreasonable delay, it was a discretionary duty."). Therefore, plaintiffs' motion to alter or amend the judgment [Dkt. # 38] is **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: November 27, 2006