UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Great Old Broads for Wilderness, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 01:05-CV-01433 (ESH) |
| ) | |
| Dirk Kempthorne, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES**

Plaintiffs, Great Old Broads for Wilderness and the Center for Biological Diversity, submit this Memorandum in support of their Petition for Attorneys Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiffs substantially prevailed in this action and are therefore requesting $39,889.00 in fees. This amount reflects the EAJA attorney fee cap of $125 adjusted by the consumer price index, multiplied by the hours spent on this case, reduced by two-thirds.

**STATEMENT OF FACTS**

Plaintiffs brought this action challenging the National Park Service's ("Park Service") and Bureau of Land Management's ("BLM") management of livestock grazing within the Glen Canyon National Recreation Area. Plaintiffs alleged the Park Service and BLM violated the Glen Canyon Enabling Act, 16 U.S.C. §§ 460dd et seq., the Park Service Organic Act, 16 U.S.C. §§ 1 et seq., the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., and the National Historic Preservation Act ("NHPA"), 16 U.S.C. §§ 470 et seq. On September 20, 2006, the Court granted Plaintiffs' Motion for Summary Judgment in part and denied it in part.

The Court held that the Park Service violated NEPA by failing to include a cumulative impacts analysis in the Grazing Management Plan Environmental Assessment ("EA").  Great Old Broads for Wilderness v. Kempthorne, 452 F. Supp. 2d 71, 82-85 (D.D.C. 2006).  The Court held that despite NEPA regulations and D.C. Circuit precedent requiring cumulative impact analysis in EAs, "the [Grazing Management Plan] EA entirely fails—without explanation—to engage in the requisite impact analysis."  Id. at 84-85.  Accordingly, the Court remanded the EA to the agency for reconsideration.  Id. at 85.

The Court also found that the Park Service's analysis under the NHPA was insufficient.  Id. at 85-87.  Plaintiffs challenged the Park Service's failure to consider the impacts of grazing on cultural resources and pursue mitigation.  In response, the Park Service claimed it had properly used a "phased identification process."  However, the Court held that the EA "as plaintiffs protest—makes no reference to the utilization of a phased identification process."  Id. at 87.  The Court then ordered the Park Service to clarify its NHPA analysis on remand.  Id.

## ARGUMENT

Under EAJA, prevailing parties may recover attorney fees and expenses in civil actions brought against the United States or any of its agencies.  More specifically, the EAJA provides:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A).  Plaintiffs have met all the EAJA requirements and are therefore entitled to fees.  First, Plaintiffs are prevailing parties.  Second, Defendants were not substantially justified in their positions.  Third, Plaintiffs' Motion is timely and supported by an itemized statement.

**I.      Plaintiffs are Prevailing Parties.**

To recover under EAJA, a plaintiff must be a "prevailing party." Id. To be considered a "prevailing party" within the meaning of EAJA, the plaintiff must establish: "(1) there has been a court-ordered change in the legal relationship between the parties; (2) judgment was entered in plaintiff's favor; and (3) the judicial pronouncement confers some judicial relief upon plaintiff." Kean for Congress Committee v. Federal Election Commission, No. 04-0007, 2006 WL 89830, at *2 (D.D.C. 2006).

Plaintiffs satisfy these elements of the "prevailing party" inquiry. The Court granted Plaintiffs' Motion for Summary Judgment in part, remanded the Grazing Management Plan EA to the Park Service, and ordered the agency to reconsider its analysis under NEPA and the NHPA. Great Old Broads, 452 F. Supp. 2d at 87. Therefore, there was a court-ordered change in legal relationships; the court entered a judgment in Plaintiffs' favor; and Plaintiffs achieved relief. As such, Plaintiffs are entitled to fees. Role Models of Am. v. Brownlee, 353 F.3d 962, 965-66 (D.C. Cir. 2004); see also Edmonds v. FBI, 417 F.3d 1319, 1322-23 (D.C. Cir. 2004); Envtl. Defense Fund, Inc. v. Reilly, 1 F.3d 1254, 1257 (D.C. Cir. 1993).

That Plaintiffs were not successful on all of their claims does not alter the fact that they are prevailing parties. A "prevailing party" is one that has succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhardt, 461 U.S. 424, 433 (1982); see also Kennecott Corp. v. EPA, 804 F.2d 763, 764 (D.C. Cir. 1986); Lake Pilots Association, Inc., v. United States Coast Guard, 310 F. Supp. 2d 333, 336-38 (D.D.C. 2004) (finding plaintiffs were prevailing parties where they prevailed on

two of five claims). Because Plaintiffs were partially successful in this case, they are prevailing parties entitled to fees.[1]

## II. The Government's Position was not Substantially Justified.

To demonstrate that its position was substantially justified and avoid a fee award under the EAJA, the government must demonstrate the reasonableness of its litigation position as well as the reasonableness of the agency's actions. 28 U.S.C.A. § 2412(d)(2)(D); see also Lake Pilots, 310 F. Supp. 2d at 339 ("The government has the burden of proving that its position, including both the underlying agency action and its arguments taken in court in defense of its action, were 'substantially justified' within the meaning of the Act."). The Supreme Court has defined "substantial justification" to mean "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Neither the Park Service's litigation position nor the underlying agency action was justified in this case. As this Court held, NEPA regulations and D.C. Circuit precedent require cumulative impacts analysis in an EA. Great Old Broads, 452 F. Supp. 2d at 84-85. In litigation, the Park Service's argued this analysis was not required because the Grazing Management Plan had no impacts of its own. As the Court recognized, this position was untenable because both "the agency's EA and FONSI . . . identify future impacts stemming from the Grazing Management Plan." Id. at 85. Accordingly, the Court struck down the EA.

The Park Service's failure to pursue mitigation of the effects of grazing on historic properties, or even explain its compliance with the NHPA, was also unreasonable. NHPA

---

[1] Plaintiffs are also eligible parties to recover fees and costs under EAJA because each organization satisfies the applicable criteria for non-profit status, or net worth and number of employees. 28 U.S.C. § 2412(d)(2)(B).

requires mitigation of impacts to cultural resources or, in the alternative, obtaining and considering the comments of the Advisory Council on Historic Preservation. 36 C.F.R. §§ 800.6; 800.8(c)(4). The Park Service argued that its assessment reflected use of a "phased approach" to NHPA compliance. Great Old Broads, 452 F. Supp. 2d at 86-87. However, the Court found that the Park Service's assessment made "no reference to the utilization of a phased identification process." Id. at 87 (emphasis added). The Court stated, "[b]ecause the assessment will be remanded for further consideration of environmental impacts within the Canyon, [the Park Service] will have ample opportunity to clarify the manner in which the Grazing Management Plan complies with the requirements of [the NHPA]." Id.

Because the Park Service violated clearly established law, took positions inconsistent with its own findings, and failed to adequately explain its analysis, its positions were not substantially justified.

**III.   Plaintiffs' Motion for Attorney Fees is Timely and Reasonable.**

EAJA requires applications for fees to contain an itemized statement and be filed within thirty days of a final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." Id. § 2412(d)(2)(G). In this case, the D.C. Circuit granted Defendants' motion to dismiss the appeal on May 17, 2007. This order constitutes final judgment in this case. Because Plaintiffs' Motion was filed within 30 days, it is timely.

Under EAJA, attorney fees may be recovered at $125 per hour adjusted for cost-of-living. To calculate the adjusted EAJA rate, the consumer price index (CPI) number for the last year in which attorney service were provided is divided by the CPI at the time the current EAJA cap was set (1996) and then multiplied by the $125 cap. See Nong v. Reno, 28 F. Supp. 2d 27 (D.D.C.

5

1998), Chiu v. United States, 948 F.2d 711 (Fed. Cir. 1991), Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 1991). The U.S. Bureau of Labor Statistics' website, http://data.bls.gov/PDQ/outside.jsp?survey=cu, indicates that the CPI for legal services in "all urban" areas was 157.6 in 1996 and 250.0 in 2006. Dividing the latter by the former number produces an inflation quotient of 1.59. Consequently, the base rate for recovery under EAJA is $200.00 per hour of attorney time.

      Plaintiffs' attorneys, Joro Walker and Robin Cooley, are specialized attorneys, highly qualified in the area of environmental law. Joro Walker graduated in 1993 from University of Utah College of Law and has worked in environmental law for 10 years. Robin Cooley graduated from University of Colorado School of Law in 1999 and has practiced environmental law for 8 years. Counsel have kept detailed time records contemporaneously with the litigation. The records reflect normal litigation tasks associated with the careful and conscientious preparation and presentation of a complex environmental lawsuit against a federal agency. Counsel have reviewed this time to ensure that it is reasonable, and have eliminated extraneous hours or otherwise non-compensable time.

      According to counsels' contemporaneous time records, for the district court proceedings, Joro Walker spent 228.6 hours. Using the EAJA rate $200.00/hour, she incurred $45,720.00 in fees. Declaration of Joro Walker (attached). Robin Cooley spent 281.9 hours and incurred $56,380.00 in fees. Declaration of Robin Cooley (attached). Additionally, two law clerks assisted Robin Cooley in this matter and spent 219.6 hours. Plaintiffs are seeking $80/hour for their time for a total of $17,568.00. Id. Therefore, Plaintiffs have incurred a total of $119,668 in fees.

Because Plaintiffs did not prevail on all claims, and due to the difficulty of separating out time spent on particular claims, Plaintiffs propose to reduce this amount by two-thirds. Kennecott, 804 F.2d at 767 (finding it appropriate to reduce the fee award based on the percentage of the claims upon which the party prevailed); see also Lake Pilots, 310 F. Supp. 2d at 346-47.  Plaintiffs claims can reasonably be separated into alleged violations of statutes tied to BLM's issuance of grazing permits within Glen Canyon, and challenges to the Grazing Plan EA. Plaintiffs estimate that the Grazing Plan EA challenges comprised approximately one third of the litigation.  Because these are the claims where Plaintiffs succeeded, Plaintiffs are requesting one-third of their total fees, or $39,889.00.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their Motion for Attorney Fees pursuant to EAJA.


Dated:  June 18, 2007                    Respectfully submitted,

/s/ Robin Cooley
Robin Cooley (CO0040)
Earthjustice
1400 Glenarm Place, #300
Denver, CO 80202
Phone: 303-623-9466
Fax: 303-623-8083

Joro Walker
Western Resource Advocates
1473 South 1100 East, Suite F
Salt Lake City, UT 84109
Phone:  (801) 487-9911
Fax:  (801) 486-4233

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

/s/ Robin Cooley

8